UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAMS,<br><br>        Plaintiff,<br><br>    vs.<br><br>DAVID DAVEY, et al.,<br><br>        Defendants. | 1:17-cv-00300-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE FOR PLAINTIFF TO FILE AMENDED COMPLAINT**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL COMPLAINT FORM** |

**I.    BACKGROUND**

    John Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On March 3, 2017, Plaintiff filed the initial Complaint, which is now before the court for screening. (ECF No. 1.)

**II.    SCREENING REQUIREMENT**

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the Complaint allegedly occurred. Plaintiff names as defendants Warden David Davey, CCI E. Cantu, and Lieutenant (Lt.) Edward Sanchez (collectively, "Defendants").

Plaintiff's allegations in the Complaint are rambling and difficult to follow. Plaintiff appears to allege that he was confined in the ASU (Administrative Segregation Unit) for 100 days while awaiting a decision by the ICC (Institutional Classification Committee). Plaintiff alleges that he had been cleared by the last prison to be placed in mainline housing, not ASU,

2

and defendant Lt. Sanchez placed him in ASU for no reason. Plaintiff alleges that defendant E. Cantu, Plaintiff's case worker, placed false information in Plaintiff's file just so there would be a reason to detain Plaintiff in ASU for something he had been cleared of at the other prison. Plaintiff alleges that defendant Warden Davey could have intervened to have him released from ASU but never did. Plaintiff filed prison appeals but could not get his copy of the ICC hearings and therefore could not get past the first step of filing an appeal without it being turned down. By the time Plaintiff won an appeal he had lost time that he cannot get back. Plaintiff asserts that he could have paroled on June 2, 2017, but since he was in ASU he could not get the program and now will not be released until January 3, 2018. Plaintiff also alleges that he was held hostage and his life was placed in danger by living with people he should not have been housed with. Plaintiff claims he suffered mental damage and cruel and unusual punishment because of his ASU detention.

Plaintiff seeks monetary damages.

**IV.     PLAINTIFF'S CLAIMS**

    **A.     Section 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of

///

a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may also be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B. Supervisory Liability – Warden Davey

Plaintiff names defendants who hold supervisory positions. Plaintiff is advised that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Therefore, to the extent that Plaintiff seeks to impose liability upon any of the defendants in their supervisory capacity, Plaintiff fails to state a claim.

Plaintiff alleges that defendant Warden Davey could have intervened to have him released from the ASU, but did not. Plaintiff alleges that Warden Davey "had the power to fix it a few times and never did," "allowed me to be put in ASU by Edward Sanchez and did nothing," and "allowed E. Cantu to put stuff in my file that was not right." (ECF No. 1 at 3, 4.) This is not sufficient to state a claim under § 1983. Plaintiff has not alleged what Warden Davey did to allow Plaintiff to be placed in ASU, or to allow E. Cantu to place erroneous material in Plaintiff's file. It is not enough to use conclusory language alleging that the Warden "allowed" the behavior. Plaintiff must allege personal acts by Warden Davey showing that Warden Davey either participated in the violations, or knew that Plaintiff's rights were being violated and yet failed to act to prevent or stop the violations. Therefore, Plaintiff fails to state any cognizable claims against defendant Warden Davey.

### C. Due Process – Detention in ASU

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

A due process claim is not cognizable where the alleged procedural error has been corrected through the administrative appeal process. See Frank v. Schultz, 808 F.3d 762, 764 (9th Cir. 2015) citing Wycoff v. Nichols, 94 F.3d 1187, 1189 (8th Cir.1996) ("[T]he [administrative] reversal of the case against Wycoff constituted part of the due process Wycoff received, and it cured the alleged due process violation based on the [prison] disciplinary committee's initial decision to sanction Wycoff."); Morissette v. Peters, 45 F.3d 1119, 1122

(7th Cir.1995) (per curiam) ("There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process. The administrative appeal process is part of the due process afforded prisoners." (citation omitted)); Young v. Hoffman, 970 F.2d 1154, 1156 (2d Cir.1992) (per curiam) ("[W]e need not decide whether Young suffered a denial of due process in connection with his disciplinary hearing, because . . . [t]he administrative reversal constituted part of the due process protection he received, and it cured any procedural defect that may have occurred.").

Here, Plaintiff appears to allege that he was wrongfully detained in the ASU awaiting classification because the paperwork in his file did not show that he had been cleared by the previous prison to be placed in mainline housing. Plaintiff also appears to allege that after filing unsuccessful prison appeals he finally won an appeal and was released to mainline housing. If these allegations are correct, then Plaintiff's due process claim is not cognizable because the error in Plaintiff's housing was corrected through the appeals process. Plaintiff shall be granted an opportunity to file an amended complaint addressing this issue and re-stating his allegations more clearly, if he wishes.

### D.  **Due Process -- False Information**

Plaintiff alleges that he was detained in ASU because false information was placed in his file. Plaintiff is advised that there is no due process right to be free from false disciplinary charges. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d

1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff has no protected liberty interest against being falsely accused of a disciplinary violation, and he fails to state a due process claim based on false information in his file.

### E. Eighth Amendment Claim – Deliberate Indifference

Plaintiff indicates in the Complaint that he seeks to bring a claim under the Eighth Amendment for cruel and unusual punishment.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 2010) cert. denied, 514 U.S. 1065 (1995). First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities." Allen, 48 F.3d at 1087 (quoting Farmer, 511 U.S. at 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer at 839-40.

///

Plaintiff alleges that he was wrongfully held in ASU for 100 days, "suffered hardship and lost many things to help me." (ECF No. 1 at 2.) Plaintiff also alleges that he was "held hostage, put in danger for fear of my life by living with people I should not be housed with." (Id. at 3.) These allegations alone are not sufficient to state a claim. It is not enough for Plaintiff to show that he was deprived of humane conditions of confinement. To state a claim for deliberate indifference, Plaintiff must allege *facts* showing that a named Defendant *knew* that Plaintiff was at *substantial risk of serious harm*. Plaintiff must also show that the Defendant deliberately ignored the risk, *failing to act reasonably* to abate it.

Therefore, Plaintiff fails to state an Eighth Amendment claim for deliberate indifference against any of the Defendants. Plaintiff shall be granted leave to amend the complaint to cure the deficiencies in this claim.

### F. Damages for Mental and Emotional Injuries - Physical Injury Requirement

Plaintiff alleges that he suffered mental damage at the hands of Defendants. Plaintiff is advised that the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) ) (back and leg pain and canker sore *de minimis*); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not *de minimis*). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630. Therefore, Plaintiff is not entitled to monetary damages in this case for mental damage unless he also shows a physical injury.

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's Complaint fails to state any claim upon which relief may be granted under § 1983. The court will dismiss the Complaint for failure to state a claim and give Plaintiff leave to file an amended complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the First Amended Complaint within thirty days.

The First Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by his or her actions. Id. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Moreover, Plaintiff is not granted leave to add allegations of events occurring after the date he filed the Complaint, March 3, 2017.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey, 693 F 3d. at 907 n.1, and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;

4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-00300-GSA-PC; and
5. If Plaintiff fails to file a First Amended Complaint within thirty days, this case shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 3, 2017**          **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE