UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAMS III, | 1:17-cv-00300-DAD-GSA-PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM** |
| vs. | |
| DAVID DAVEY, et al., | **(ECF No. 14.)** |
| Defendants. | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I. BACKGROUND

John Williams III ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On March 3, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On October 3, 2017, the court issued an order dismissing Plaintiff's Complaint for failure to state a claim, with leave to amend. (ECF No. 9.) On December 7, 2017, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 14.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison (CSP) in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants David Davey (Warden, CSP), E. Cantu (CCI), and Lieutenant (Lt.) Edward Sanchez (collectively, "Defendants").

When Plaintiff arrived at CSP, he was placed in the ASU (Administrative Segregation Unit or Ad-Seg) and told he would stay there for a few days, at the most. By law, inmates who are new to the prison must be brought before the ICC (Institutional Classification Committee) within fifteen working days. Also, an Ad-Seg inmate must be brought before the ICC within ten days and reviewed every thirty days. None of these procedures were followed for Plaintiff. Further, Plaintiff was never given a 114 lock-up order, as required by the Operations Manual.

2

Defendant Davey (Warden) never acted to assist Plaintiff or explain why Plaintiff is still housed in Ad-Seg. Defendant Davey was involved in ICC hearings every week and should have been aware that Plaintiff was housed in ASU waiting to see the ICC. Plaintiff had to wait 98 days before he was seen.

Defendant E. Cantu went out of her way not to work on Plaintiff's case. When Plaintiff asked her, or sent a form 22 to her, she misled him only telling him what sounded good. She stalled Plaintiff from week to week and never brought him before the ICC. She also added to Plaintiff's file just to make it easy on herself, with less paperwork to do. Plaintiff had to file a 602 appeal before defendant Cantu would help him get out of ASU. So Plaintiff sat in ASU for 98 days before he was given the right to be seen, after he filed appeals to find out why he was being held in the ASU.

Defendant Edward Sanchez was the officer who signed Plaintiff's lock-up order, but he never gave it to Plaintiff nor told him why he was placed in the ASU. Plaintiff was given the lock-up order ten days after his arrival, when it was placed under Plaintiff's door. At some point defendant Sanchez could have met with Plaintiff and answered his questions, or moved him to the next step, to another prison.

Plaintiff suffered mental distress and high blood pressure and lost sleep in ASU. Plaintiff wasted his time being held in the ASU and was unable to participate in programs to improve himself.

Plaintiff seeks monetary compensation and injunctive relief.

## IV. PLAINTIFF'S CLAIMS

### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may also be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B. Supervisory Liability – Warden Davey

Plaintiff names defendant Warden Davey, who holds a supervisory position. Plaintiff is advised that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to

act to prevent them. There is no *respondeat superior* liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Therefore, to the extent that Plaintiff seeks to impose liability upon any of the defendants in their supervisory capacity, Plaintiff fails to state a claim.

Plaintiff alleges that defendant Davey never acted to assist Plaintiff or explain why he was housed in Ad-Seg for such a long time. Plaintiff also alleges that defendant Davey was involved in ICC hearings every week and should have been aware that Plaintiff was housed in ASU waiting to see the ICC. This is not sufficient to state a claim under § 1983. Plaintiff has not alleged facts showing that defendant Davey knew he was detained in the ASU, or showing how defendant Davey acted, or failed to act, allowing Plaintiff to be placed in the ASU or detained there for more than 98 days.

It is not enough to allege that defendant Davey "should have been aware" that he was waiting in ASU. Plaintiff must allege personal acts by Warden Davey showing that defendant Davey either participated in the violations, or knew that Plaintiff's rights were being violated yet failed to act to prevent or stop the violations. Plaintiff has not done so. Therefore, Plaintiff fails to state any cognizable claims against defendant Warden Davey.

### C. Due Process – Detention in ASU

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are

///

limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and Ad-Seg falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Plaintiff alleges that he spent at least 98 days in Ad-Seg, during which time he lost sleep and suffered mental distress and high blood pressure. Plaintiff also alleges that being detained in the ASU wasted his time because he was unable to participate in programs to improve himself.

These allegations do not rise to the level of an atypical and significant hardship to establish the existence of a protected liberty interest in remaining free from the ASU. A plaintiff must assert a "dramatic departure" from the standard conditions of confinement before due process concerns are implicated. Sandin, 515 U.S. at 485–86; see also Keenan v. Hall, 83 F.3d 1083, 1088–89 (9th Cir.1996). Plaintiff's allegations do not demonstrate that he was subject to a "dramatic departure" from standard conditions at the prison outside of the ASU. Moreover, Plaintiff does not allege any specific injury caused by conditions in the SHU. The fact that conditions in the Ad-Seg do not mimic those afforded the general population does not trigger due process concerns. Therefore, Plaintiff fails to state a cognizable claim for violation of his rights to due process based on detention in the ASU.

///

///

### D. Eighth Amendment Claim – Deliberate Indifference

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 2010) cert. denied, 514 U.S. 1065 (1995). First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities." Allen, 48 F.3d at 1087 (quoting Farmer, 511 U.S. at 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer at 839-40.

Plaintiff alleges that he was held in the ASU for more than 98 days, suffered mental distress, high blood pressure, loss of sleep, and wasted his time because he was unable to participate in prison programs. These conditions do not rise to the level of a deprivation of "the minimal civilized measure of life's necessities." Allen, 48 F.3d at 1087. Moreover, Plaintiff has not shown that any of the Defendants knew that Plaintiff was at substantial risk of serious harm and yet acted unreasonably, causing Plaintiff injury.

It is true that "[*s*]*ome* conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone." Chappell v. Mandeville 706 F.3d 1052, 1061 (9th Cir. 2013) (citing Wilson v. Seiter, 501 U.S. 294, 304, 111 S.Ct. 2321 (1991)). But this only applies when the conditions "have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." Chappell at 1061. Plaintiff has not alleged the deprivation of any such need here.

Therefore, the court finds that Plaintiff fails to state an Eighth Amendment claim for deliberate indifference against any of the Defendants.

### E. Damages for Mental and Emotional Injuries - Physical Injury Requirement

Plaintiff alleges that he suffered mental distress at the hands of Defendants. Plaintiff is advised that the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) ) (back and leg pain and canker sore *de minimis*); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not *de minimis*). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630.

Plaintiff's only allegation of physical harm is that he suffered from high blood pressure in the ASU. High blood pressure is not a physical injury that is more than *de minimis*. Moreover, Plaintiff has not alleged that his high blood pressure was caused by adverse conditions in the ASU. Therefore, Plaintiff is not entitled to monetary damages in this case for mental distress.

///

///

**V.     CONCLUSION AND ORDER**

The court finds that Plaintiff's First Amended Complaint fails to state any claim upon which relief may be granted under § 1983. The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983; and

2. The Clerk be ordered to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 20, 2018**            **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE